RIDENHOWER v. COLLINS. (No. 8022.)

(Court of Civil Appeals of Texas. Ft. Worth. Oct. 24, 1914.)

BROKERS (§ 86*)—ACTIONS FOR COMPENSATION —SUFFICIENCY OF EVIDENCE.

In a broker's action for commissions on the sale of a farm, evidence *held* to warrant a jury finding that it was the understanding of the parties that the price at which the farm was listed with the broker and for which it was sold should be net to defendant, and that the broker was to add his commission thereto in fixing the selling price.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 116–120; Dec. Dig. § 86.*]

Appeal from Comanche County Court; J. H. Milam, Judge.

Action by Ray Ridenhower against J. S. Collins. From a judgment for defendant, plaintiff appeals. Affirmed.

Smith & Palmer, of Comanche, for appellant. Goodson & Goodson, of Comanche, for appellee.

DUNKLIN, J. Ray Ridenhower sued J. S. Collins to recover $200 claimed as a broker's commission earned in negotiating the sale of a farm belonging to Collins, and from a judgment denying him a recovery the plaintiff has appealed.

The original statement of facts filed in the trial court has not been sent up, as provided by article 1932, Vernon's Sayles' Texas Civil Statutes, but a copy of the same is embodied in the transcript. Appellee has moved to strike out such copy from the transcript, contending that only the original statement of facts can be considered in this court. It will be unnecessary to pass upon the merits of this motion, or upon objections to a consideration of the one assignment of error presented in the record, since we have decided, as hereinafter shown, that the judgment should be affirmed, even though such motion and objections should be overruled.

The assignment of error presented is, in effect, that the evidence conclusively and without controversy establishes a right in the plaintiff to recover the commissions claimed. The evidence does show without controversy the following facts: Defendant listed his farm with plaintiff for sale, naming $4,000 as his price therefor. Plaintiff was engaged in the business of a real estate broker, and that fact was known to the defendant at the time of such listing. The plaintiff procured a purchaser for the land at the price named, and the defendant sold it to such purchaser at that price, and before such employment of the plaintiff as such broker had been revoked. But whether or not, under the contract of employment, it was understood and agreed between the parties that the price for which the land was listed was to be net to the defendant, and the plaintiff should realize a commission from the purchaser by adding the same to such net price, as contended by the defendant, was a disputed issue under the evidence. While both parties testified that at the time of the employment of plaintiff under which the sale was made the question of the payment of a commission was not mentioned, yet they both testified further that some three or four years prior to that employment the land was first listed with the plaintiff for the same price, no mention being then made of a commission for selling the land, but that, after such listing, plaintiff drew up a written contract of employment, which was signed and delivered to him by the defendant, and in which the price of the land was stated as $4,200, instead of $4,000. Both parties testified, in effect, that they understood at that time that the $200 added to the price named by the defendants was for com-

mission to plaintiff for making the sale, and that the $4,000 was to be net to the defendant. At the time of the second listing of the land with the plaintiff substantially the same conversation occurred as when it was first listed, but no written contract of employment was thereafter drawn up, as was done in the first instance. The defendant testified, substantially, that it was his understanding that when the land was listed the second time he should receive $4,000 net to him, and that plaintiff should add his commission to that price and price the land to the purchaser for $4,000, plus such added commission, just as it was understood and agreed at the time of the first employment. We are of the opinion that the facts and circumstances related were sufficient to warrant a finding by the jury that such was the understanding by both parties at the time of the second listing of the land.

Hence the assignment is overruled, and the judgment is affirmed.

Affirmed.